IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAWUD DAVIS, | : | |
| Petitioner, | : | 1:20-cv-0104 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPERINTENDENT SCI OF SCI | : | |
| RETREAT, PENNSYLVANIA | : | |
| ATTORNEY GENERAL OFFICE, | : | |
| Respondents. | : | |

## MEMORANDUM

### June 2, 2020

On January 22, 2020, Petitioner Sawud Davis ("Davis"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a guilty plea and judgment of sentence entered in the Court of Common Pleas of Luzerne County, Pennsylvania in 2013. (Doc. 1).  Because it appeared that the petition may be barred by the statute of limitations, in accordance with *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (*en banc*), on February 18, 2020, the Court directed the parties to address the timeliness of the petition and any applicable statutory and/or equitable tolling of the statute of limitations.  (Doc. 5). Respondents filed a response on March 9, 2020.  (Doc. 7).  Davis filed a traverse on May 13, 2020.  (Doc. 20).  The petition is ripe for disposition and, for the reasons set forth below, will be dismissed as untimely.

## I. BACKGROUND

The following state court procedural and factual background is extracted from the November 8, 2019 decision of the Superior Court of Pennsylvania affirming the dismissal of Davis' Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, petition as untimely:

> On October 24, 2012, Davis was charged, as a principal or an accomplice, with three counts of criminal homicide, one count of criminal attempt to commit criminal homicide and four counts of robbery for his participation in a deadly shooting, which occurred on July 7, 2012. Davis was sixteen at the time of the crimes, but was charged as an adult.
>
> On December 20, 2013, the parties appeared for a status conference regarding a petition to decertify the case. At the hearing, the parties advised the court that a plea agreement had been reached in which Davis agreed to withdraw his petition for decertification and instead would plead guilty to three counts of third-degree murder and one count of robbery. The Commonwealth agreed to withdraw the remaining charges. The parties further agreed to a sentence of twenty to forty years' incarceration on the murder charges and five to ten years' incarceration for robbery, all of which to run concurrently. As part of the plea, Davis admitted to the factual basis put forth by the Commonwealth. After conducting a colloquy, the court imposed the agreed upon sentence. No post sentence motions or direct appeal was filed.
>
> On June 6, 2014, Davis filed his first PCRA petition, which he subsequently withdrew. On September 19, 2018, Davis filed another PCRA petition, alleging he discovered exculpatory evidence that was not available to him at the time of his guilty plea. Counsel was appointed, who filed a supplemental PCRA petition on January 17, 2019.

>   Through his filing, Davis specifically recognized that the petition was facially untimely, but asserted his claim met the newly discovered fact exception, 42 Pa.CS.A. § 9545(b)(l)(ii), to the PCRA's time-bar.
>
>   On February 25, 2019, a PCRA hearing was held.
>
>   \*\*\*
>
>   Ultimately, the court determined Davis failed to overcome the PCRA's time-bar.
>
>   \*\*\*
>
>   As the PCRA court properly concluded Davis's PCRA petition was untimely and does not fall under an exception to the PCRA time bar, we affirm the PCRA court's order dismissing the petition.

(Doc. 7-2, pp. 90-100).

On July 3, 2019, while awaiting disposition of his appeal to the Superior Court, Davis filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, with the heading "Protective." *Davis v. Supt. SCI-Retreat, et al.*, 1:19-cv-1158, Doc. 1 p. 1. He indicated that the "petition [was] being filed out of caution due to the PCRA Court denied PCRA petition as untimely…. Petitioner appealed to the Superior Court of PA and the appeal is still pending." 1:19-cv-1158 (*Id.* at Doc. 1, p. 13). He sought to stay the matter pending a decision from the Superior Court. (*Id.*). On preliminary review, we determined "[i]t is clear from the face of the petition, and confirmed by information contained in the Superior Court electronic docket sheet, that Davis has not yet exhausted his state remedies. Consequently, the petition will be dismissed. The dismissal is without prejudice to

3

his right to pursue federal habeas relief upon complete exhaustion of available state court remedies." *Id.* at Doc. 4, p. 6. Further, we declined to issue a stay in accordance with the stay and abeyance rule announced in *Crews v. Horn*, 360 F.3d 146, 151 (3d Cir. 2004), noting that the remedy is to avoid barring from federal court a petitioner who timely files a mixed petition and concluding that "[w]e are not presented with a mixed petition. There are only two claims raised in the petition and neither is exhausted." *Id.* at Doc. 4, p. 6, n. 1.

As noted *supra*, on November 18, 2019, the Superior Court affirmed the dismissal of his PCRA petition as untimely.

Davis filed the instant petition on January 21, 2020. (Doc. 1).

## II.   **DISCUSSION**

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting

habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

The state court sentenced Davis on December 20, 2013. He failed to pursue a direct appeal. Hence, on January 19, 2014, after the expiration of the thirty days allotted to pursue a direct appeal, in accordance with 28 U.S.C. § 2244(d)(1)(A), his judgment of sentence became final. The one-year AEDPA statute of limitations period commenced running as of that date and expired one year later, on January 19, 2015. Therefore, the present petition, filed on January 22, 2020, is

patently untimely.

However, the limitation period is not "an inflexible rule requiring dismissal whenever AEDPA's one-year clock has run." *Day v. McDonough*, 547 U.S. 198, 208 (2006). "Instead, the limitation period is subject to both statutory and equitable tolling." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013).

### A.     Statutory Tolling

Section 2244(d)(2) tolls the one-year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Davis believes his petition to be timely filed because it "was filed within one-year of the November 18, 2019, State Superior Court denial of Appeal." (Doc. 12, pp. 2, 3). He is mistaken. He successfully tolled the statute on June 6, 2014, after the passage of approximately 138 days, when he filed his first PCRA. When he withdrew the petition fifty-three days later, on July 28, 2014, the clock began

running again and expired 227 days later, or on March 12, 2015.  Davis failed to toll the statute in any manner between July 28, 2014 and March 12, 2015.

Although he filed a second PCRA on September 19, 2018, it cannot operate to toll an already expired statute of limitations.  *See Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (finding that petitioner's untimely PCRA petition did not statutorily toll the statute of limitations because, *inter alia*, "the limitations period had already run when it was filed").  Further, the state court deemed the second PCRA petition untimely.[1]  It is well-settled that an untimely petition is not "properly filed" and, therefore, does not toll the statute of limitations.  *See Pace v. Diguglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2254(d)(2).").  *See also Merritt v. Blaine*, 326 F.3d at 167-68.

Lastly, Davis urges the Court to consider the present petition filed as of July 3, 2019, the date of his prior "protective" petition.  (Doc. 12, p. 3).  Unfortunately, considering the petition filed as of July 3, 2019, provides no remedy.  The petition filed on that date was also untimely as the statute had expired years earlier.

---

[1] As is evident from the recitation of the state court background in Section I, the state court rejected Davis' argument that his petition met the newly discovered fact exception to the PCRA's time bar.  (Doc. 7-2, pp. 90-100).

### B. Equitable Tolling

Equitable tolling stops the clock when extraordinary circumstances prevent a petitioner from timely filing, thereby rendering strict enforcement of the one-year limitations period unfair. *Wood v. Milyard*, 566 U.S. 463, 469 n.3 (2012); *see also Holland v. Florida*, 560 U.S. 631 (2010). "Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005).  Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Davis failed to exercise reasonable diligence throughout the limitations period.  He did not pursue a direct appeal and waited months before filing his first PCRA petition.  He withdrew that petition approximately 52 days later and then took no action for approximately 1514 days, when he filed his second PCRA petition.  By this time, both the state and federal collateral relief statutes of limitations had expired.

In addition to his failure to demonstrate the exercise of reasonable diligence,

9

he fails to demonstrate that extraordinary circumstances obstructed his pursuit of relief in either state or federal court. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum, or that the state court misled him regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted on this basis.

    We now turn to the fundamental miscarriage of justice tolling exception. Although the fundamental miscarriage of justice or "actual innocence" exception was previously used to excuse procedural default, the United States Supreme Court has held that a convincing showing of actual innocence may excuse the federal limitations period. *McQuiggin v. Perkins*, 569 U.S. 383 (2013). *McQuiggin* made it clear that such an exception is very rare, noting that the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 399 (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible a claim of actual innocence must be based on reliable evidence not presented at trial." *Schlup*, 513 U.S. at 324; *Calderon v. Thompson*, 523 U.S. 558, 559 (1998). "Proving actual innocence based on new evidence requires the petitioner to demonstrate (1) new evidence (2) that is reliable and (3)

so probative of innocence that no reasonable juror would have convicted the petitioner." *Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citing *Schlup*, 513 U.S. at 327). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.' *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S.Ct. 2064 (emphasizing that the *Schlup* standard is "demanding" and seldom met)." *McQuiggin*, 569 U.S. at 386.

"The gateway actual innocence standard is 'demanding' and satisfied only in the 'rare' and 'extraordinary' case where 'a petition presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.' " *Reeves v. Fayette SCI*, 897 F.3d 154 (3d Cir. 2018) (quoting *McQuiggin*, 569 U.S. at 392). Here, the state court rejected Davis' argument that he discovered exculpatory evidence that was not available to him at the time he entered his guilty plea. (Doc. 7-2). Davis fails to provide new reliable exculpatory evidence to support an actual innocence claim and none can be extracted from the claims raised in his petition. Accordingly, he has not demonstrated that the "actual innocence" exception to the AEDPA statute of limitations applies.

### III. <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

### IV. <u>Certificate of Appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of

reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

    A separate Order will issue.