IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAWUD DAVIS, | No. 1:20-CV-00104 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| SUPERINTENDENT of SCI RETREAT, *et al.*, | |
| Respondents. | |

# MEMORANDUM OPINION AND ORDER

### MAY 10, 2022

Petitioner Sawud Davis is currently serving a sentence of 20 to 40 years' imprisonment after pleading guilty to robbery and three counts of third-degree murder.[1] He previously filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court, which was dismissed as untimely.[2] Davis sought a certificate of appealability from the United States Court of Appeals for the Third Circuit, which was denied on October 23, 2020.[3]

---

1   *See* Doc. 13 at 2; Doc. 18 ¶ 2.
2   *Id.* at 12; Doc. 14.  This case was previously assigned to, and decided by, the Honorable John E. Jones III, who retired in August 2021.  *See* Doc. 14.  It was transferred to the undersigned after Davis filed the instant Rule 60(b) motion.
3   Doc. 17 (finding that reasonable jurists would not debate that district court was correct in its procedural ruling, Davis's federal habeas petition was untimely, and there was no basis for equitable tolling).

On March 3, 2022, Davis filed a motion under Federal Rule of Civil Procedure 60(b).[4]  He does not specify which of the six subdivisions of Rule 60(b) he is asserting for post-judgment relief,[5] but it appears that he is either proceeding under the "new evidence" provision of Rule 60(b)(2)[6] or the catch-all provision of Rule 60(b)(6).[7]  Davis claims that dismissal of his untimely Section 2254 petition was "procedural error" or, alternatively, that "procedural default should be excused on the basis of newly presented evidence of his actual innocence[.]"[8]  Neither argument has merit.

As an initial matter, if Davis is proceeding under Rule 60(b)(2), his motion is untimely.  Federal Rule of Civil Procedure 60(c)(1) requires a motion brought under Rule 60(b)(2) to be made "no more than a year after the entry of the judgment or order" being challenged.[9]  Davis's Section 2254 petition was dismissed as untimely on June 2, 2020, so his March 3, 2022 motion under Rule 60(b)(2) is well out of time.  Moreover, the latest piece of "new evidence" on which Davis relies is from his state post-conviction hearing in February 2019[10]

---

[4] Doc. 18.
[5] *See id.* at 1.
[6] Rule 60(b)(2) permits relief from a final judgment or order based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2).
[7] Rule 60(b)(6) permits relief for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6).
[8] Doc. 18 at 2-3.  The evidence that Davis claims he discovered in August 2021 is a newspaper article from September 2012, further undercutting any showing of diligence required by Rule 60(b)(2).
[9] FED. R. CIV. P. 60(c)(1).
[10] *See* Doc. 18-2 at 2-3; Doc. 7-1 at 92.

3

and, according to Davis, the latest date of discovery of the purportedly new evidence was August 6, 2021.[11] Davis does not explain why he waited until March 3, 2022, to move for Rule 60(b) relief, nor has he demonstrated why he could not have discovered the "new evidence" earlier by exercising reasonable diligence.

Even if Davis is proceeding under the catch-all provision of Rule 60(b)(6), he has not made the requisite showing to warrant this extraordinary relief. Federal Rule of Civil Procedure 60(b)(6) permits a court to grant relief from a final judgment or order "for any other reason that justifies relief" other than the reasons listed elsewhere in Rule 60(b).[12] Relief under Rule 60(b)(6) should be granted in only "*extraordinary circumstances* where, without such relief, an extreme and unexpected hardship would occur."[13]

Davis argues that he has made the requisite gateway showing of "actual innocence" to proceed to a merits review of his untimely Section 2254 petition.[14] The Court rejected this same argument in June 2020.[15] As the Court explained, Davis had not made the extremely difficult showing of "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the

---

[11] *See* Doc. 18 ¶ 34.
[12] FED. R. CIV. P. 60(b)(6); *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014).
[13] *Cox*, 757 F.3d at 120 (emphasis added) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also Gonzalez v. Crosby*, 545 U.S. 524, 536 (2005) (noting that relief under Rule 60(b)(6) demands a showing of "extraordinary circumstances").
[14] *See* Doc. 18 ¶¶ 15-19 (citing, *inter alia*, *McQuiggin v. Perkins*, 569 U.S. 383 (2013)).
[15] *See* Doc. 13 at 10-11.

court is also satisfied that the trial was free of nonharmless constitutional error."[16] Davis claims that the Court analyzed his actual innocence claim under the wrong standard; he is incorrect. The Court properly applied the *McQuiggin v. Perkins* gateway (or procedural) actual-innocence standard to determine whether expiration of the statute of limitations could be excused.[17] Consequently, there was no procedural error when Davis's Section 2254 petition was dismissed as time-barred.

The "new evidence" that Davis presents in the instant Rule 60(b) motion does not come close to satisfying the Rule 60(b)(6) requirements or the *McQuiggin* actual-innocence standard. Davis first argues that testimony from his trial counsel at the February 2019 PCRA hearing shows that Davis pled guilty to protect his brother and thus demonstrates that he is innocent.[18] This "evidence," however, would have clearly been within Davis's knowledge at the time he pled guilty in 2013 and when he filed his Section 2254 petition in this Court in January 2020. Moreover, it does not establish that Davis is innocent of his crimes of conviction (third-degree murder and robbery)[19]; it merely shows that Davis agreed to plead guilty—rather than risk going to trial—in exchange for a 20- to 40-year sentence and the Commonwealth dropping the capital component of his codefendant brother's case.

---

[16]   *Id.* at 11 (quoting *Reeves v. Fayette SCI*, 897 F.3d 154, 161 (3d Cir. 2018)).
[17]   *See id.* at 10-11.
[18]   Doc. 18 ¶¶ 26-28.
[19]   Davis was charged as both a principal and an accomplice in the homicides. *Id.* ¶ 1.

Davis also contends that in August 2021 he discovered a newspaper article from 2012 that contains inconsistent statements from one of the Commonwealth's key witnesses, Danny Maldonado. Davis further maintains that the article establishes that Maldonado suffered a "traumatic brain injury" and thus had a "defective memory."[20]

Davis's new evidence challenging Maldonado's credibility is not "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error."[21] This is especially true considering that Davis entered a guilty plea rather than going to trial. In the article, Maldonado—an eyewitness who was shot in the head during the incident but managed to survive—states that Davis was directly involved in the robbery that led to three people being killed.[22] It is difficult to comprehend how such statements would undermine confidence in Davis's conviction, especially when that conviction was obtained through a guilty plea. Because Davis has failed to satisfy the *McQuiggin* gateway actual-innocence requirements and has not established the "extraordinary circumstances" needed to invoke Rule 60(b)(6), his Rule 60(b) motion does not warrant relief.

---

[20] *Id.* ¶ 35.
[21] *Reeves*, 897 F.3d at 161 (quoting *McQuiggin*, 569 U.S. at 386, 392).
[22] *See* Doc. 18-3 at 4.

**AND NOW**, upon consideration of the foregoing, **IT IS HEREBY ORDERED** that Davis's motion (Doc. 18) for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge